CHAPMAN v. BROWN et al.   (No. 2869.)

(Court of Civil Appeals of Texas. Texarkana.
Jan. 24, 1924.)

Adverse possession ⟐⟐19—Not necessary that
tract claimed by 10-year limitation be ac-
tually inclosed.

Where land embraced in a deed is claimed
under 10-year limitation, it is not necessary
that claimant should have all the land actually
inclosed in order that his adverse claim might
include the entire tract.

Appeal from District Court, Titus County;
R. T. Wilkinson, Judge.

Suit by V. C. Brown against Joseph A.
Chapman and others. Judgment for plain-
tiff, and defendant named appeals. Affirmed.

I. N. Williams, of Mt. Pleasant, for appel-
lant.

J. A. Ward, of Mt. Pleasant, for appellees.

HODGES, J.  On May 7, 1923, the appellee
Brown filed this suit against the appellant,
Chapman, and the unknown heirs of George
Dyer, to recover a tract of 72 acres of land
situated in Titus county. He pleaded as the
basis of his title adverse possession under
the 5 and 10 year statute of limitation. On
July 10, 1923, Chapman answered by a plea
of not guilty, and specially pleaded his own
title, and asked for affirmative relief. In a
trial before the court a judgment was ren-
dered in favor of Brown, and Chapman has
appealed. While no separate findings of fact
were filed, the court recited a finding in fa-
vor of Brown upon his claim of title by lim-
itation under both statutes.

Two assignments of error are presented,
both claiming that the evidence was not suf-
ficient to support the conclusions of fact ar-
rived at by the court.

The testimony was short. It was agreed
between the parties that Chapman was enti-
tled to recover the land unless his title was
defeated by the claim of limitation asserted
by Brown. It appears that the land in con-
troversy was a part of a body of 416.5 acres
of land situated in the Dyer survey, and that
Chapman had been paying taxes on that en-
tire tract for a number of years. Brown's ti-
tle originated in a deed from Blalock dated
January 17, 1913, which was filed for record
in the following September. The evidence
shows that Blalock went into possession dur-
ing that year, built a house, and cleared a
number of acres of land, and that his deed
covered the entire 72-acre tract. The testi-
mony also shows a continuous occupancy and
chain of paper title from Blalock down to
Brown, which covers a period of a little
more than 10 years prior to the time this
controversy originated.

Brown bases his claim of title under the
5-year statute on the deed to T. L. Nugent,

his grantor, dated the early part of 1918.
The evidence showed that both Brown and
Nugent had their deeds recorded, and have
paid taxes on this particular tract of land
continuously since that time. Appellant's
contention seems to be based upon the as-
sumption that it was necessary that all of
the land should be in the actual possession
of an adverse claimant where he is asserting
title under the 10-year statute. In this in-
stance Blalock asserted title coextensive with
the number of acres described in this deed.
It was not necessary that he should have all
of the land actually inclosed in order that his
adverse claim might include the entire tract.

We are of the opinion that the testimony
was ample to support the judgment rendered,
and it will be affirmed.